

sistent with Wilson's story, the affidavit is largely consistent with Dobda's testimony,[5] and nothing in the affidavit supports a self-defense claim. Moreover, Churchill's credibility at trial would have been questionable considering she was married to the defendant at the time. Consequently, Wilson cannot establish prejudice resulting from his attorney's allegedly deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984) (To establish a claim of ineffective assistance, a defendant must show not only (1) that counsel's performance was deficient but also (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

Because the record clearly establishes that Wilson's claim is both procedurally barred and without merit, no evidentiary hearing is required.

Accordingly, the judgment of the district court is affirmed.

Michael Dennis Booker, Little Rock, AR, argued, for appellant.

Michael D. Johnson, Little Rock, AR, argued, for appellee.

Before MAGILL, Circuit Judge, BRIGHT, Senior Circuit Judge, and BEAM, Circuit Judge.

PER CURIAM.

The Government indicted and convicted Derrick Campbell of unlawful possession (Count I) and unlawful discharge (Count II) of a firearm, all within 1000 feet of a school.

On appeal, Campbell challenges only the unlawful discharge conviction on his conditional guilty plea, asserting that such conviction cannot stand because he had fired his weapon while standing on private, non-school grounds. An exemption provision in the statute excludes discharging a firearm on private property, not part of school grounds. We reject the claim and affirm this conviction.

---

## UNITED STATES of America, Appellee,

v.

## Derrick CAMPBELL, Appellant.

No. 93–3025.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1993.

Decided Jan. 4, 1994.

5. Churchill's statement that Wilson did not stab Dobda as Dobda ran out of the house is inconsistent with Dobda's testimony, but Churchill's conclusion is questionable in that she could not say how or when Dobda was stabbed. Furthermore, she had been awake for only a few moments before the stabbing and was obviously not alert enough to observe and remember many important details. Finally, we note that the physical evidence tended to support Dobda's claim, for the stab wound was deep in his back.

## I. BACKGROUND

The undisputed facts establish that Campbell carried a .32 caliber pistol on his person on October 26, 1992. While immediately across from what is known as the annex building of McClellan High School in Little Rock, Arkansas, Campbell stepped from the sidewalk onto a grassy knoll on private property and fired several shots at a passing vehicle. Some of the bullets hit the school buildings and passed through the school area. Fortunately, the bullets did not strike any person.

The statute and its exemption, as applicable, read:

> Except as provided in subparagraph (B), it shall be unlawful for any person, knowingly or with reckless disregard for the safety of another, to discharge or attempt to discharge a firearm at a place that the person knows is a school zone.
>
> (B) Subparagraph (A) shall not apply to the discharge of a firearm—
>
> (i) on private property not part of school grounds....

18 U.S.C. § 922(q)(2)(A), (B)(i) (Supp. III 1991).

Congress enacted this section as part of the Gun–Free School Zones Act of 1990.[1] Clearly, the statute sought to protect school children from gun-related violence on or near schools. The exemption must be construed narrowly to carry out the obvious purpose of the statute.

Discharging a pistol aimed at a school does not amount to a discharge of a firearm on private property not part of school grounds. In any common sense interpretation of the exemption, shooting a bullet on to school grounds, as was the case here, is not discharging the pistol on private property.

The exemption may apply in other situations, but not under the facts in this case.

AFFIRMED.

James LESHER; Dawn Lesher,
Plaintiffs–Appellants,

v.

Randy REED, Individually and In His Official Capacity as Assistant Chief of Police for The City of Little Rock, Arkansas; W.W. Williams, In His Official Capacity as a Captain with the City of Little Rock, Arkansas Police Department; J.E. Keathly, In His Official Capacity as a Sergeant with The Little Rock, Arkansas Police Department; Louie Caudell, In His Official Capacity as Chief of Police of The City of Little Rock, Arkansas; City of Little Rock, Arkansas, Defendants–Appellees.

No. 93–1441.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1993.

Decided Jan. 5, 1994.

---

1. *Gun–Free School Zones Act of 1990: Hearings on H.R. 3757 Before the Subcomm. on Crime of* the House Comm. on the Judiciary, 101st Cong., 1st Sess. 1 *et seq.* (1990).